UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAUN PAUL PORTER,

                Plaintiff,

v.                                       **DECISION AND ORDER**
                                       10-CV-814S

TONAWANDA COKE CORPORATION, JAMES
DONALD CRANE, and MARK KAMHOLZ,

                Defendants.

Plaintiff Sean Paul Porter, proceeding *pro se* and *in forma pauperis*, commenced this action on October 13, 2010 by filing a Complaint with the Clerk of this Court. (Docket Nos. 1, 3, 6). Plaintiff alleges that this is a claim for personal injuries and emotional distress resulting from his exposure to toxic emissions, specifically benzene, that allegedly emanated from Defendant Tonawanda Coke Corporation's facility. (Docket No. 1). Defendant James Donald Crane, the owner of the Tonawanda Coke Corporation, and Defendant Mark Kamholz, the corporation's environmental control manager, allegedly "disregarded the warnings of the Federal Regulations committee" resulting in the facility's toxic emissions and Plaintiff's tremors, fatigue, chronic headache, and emotional distress. (Docket No. 1).

Presently before this Court are Plaintiff's Motion for the Appointment of Counsel,[1] the Motion to Dismiss of Defendants Crane and Kamholz seeking dismissal of the

---

[1] Plaintiff's Application for the Appointment of Counsel was filed on June 3, 2011 (Docket No. 22). Defendants have offered no opinion on this issue.

Complaint as against them for failure to state a claim upon which relief can be granted,[2] and Defendant Tonawanda Coke Corporation's Motion to Dismiss the second cause of action for emotional distress.[3]  With respect to Plaintiff's application for the appointment of counsel, although this Court may appoint counsel to a party proceeding *in forma pauperis*, as Plaintiff is, "the threshold inquiry is whether or not the plaintiff's claim 'seems likely to be of substance.'" Green v National Grid, 07-CV-60S, 2010 WL 3369548, *4 (W.D.N.Y. 2010), quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986); see 28 U.S.C. § 1915 (e)(1).  In the instant case, as discussed further below, if Plaintiff's claims in this matter have any merit, the relief he seeks is to be found under state, not federal, law.  Because this Court concludes that his present claims are not likely to be of federal substance, Plaintiff's request for the appointment of counsel is denied.

Before considering Defendants' motions, it is necessary to note that these Defendants were also named as defendants in no less than fifteen related actions commenced in state court and thereafter removed to this Court.  See e.g. DeLuca v Tonawanda Coke Corp., 10-CV-859S, 2011 WL 3799985 (W.D.N.Y. Aug. 26, 2011); Axelson v Tonawanda Coke Corp., 10-CV-870 (W.D.N.Y. Aug. 26, 2011); Nuchereno v Tonawanda Coke Corp., 10-CV-868 (W.D.N.Y. Aug. 26, 2011).  This Court remanded each

---

[2] In support of their Motion to Dismiss, Defendants Crane and Kamholz submitted a Memorandum of Law, (Docket No. 8), and a Reply Memorandum of Law. (Docket No. 16). The Declaration of Rick Kennedy, Esq., was submitted in support of both of Defendants' Motions to Dismiss. (Docket No. 10). Plaintiff submitted Answering Papers to this Motion to Dismiss, (Docket No. 14), and additional Answering Papers were filed with permission of this Court. (Docket No. 17), to which Defendants responded with an additional Reply Memorandum (Docket No. 26).

[3] Defendant Tonawanda Coke Corporation submitted in support of its Motion to Dismiss a Memorandum of Law, (Docket No. 9), the Kennedy Declaration, and a Reply Memorandum of Law. (Docket No. 17).  Plaintiff submitted Answering Papers to this Motion to Dismiss, (Docket No. 15).

of those actions back to state court on the ground that a fact finder could determine negligence and even negligence *per se* without a determination that Defendants violated federal law.  See DeLuca, 10-CV-859S, 2011 WL 3799985, *5.  Further, although the more developed complaints in those actions contained references to federal law, the referenced "federal standards merely inform the content of classically state-law duties such as avoiding negligence," and any alleged violations of federal statutes or regulations were therefore insufficient to confer "federal question jurisdiction over garden-variety state-law claims."  Caggiano v. Pfizer Inc., 384 F.Supp.2d 689, 691 (S.D.N.Y. 2005); see e.g. Abbott v Tonawanda Coke Corp., 11-CV-549, Docket No. 34; DeLuca, 10-CV-859S, 2011 WL 3799985, *6.  Here, Plaintiff alleges in his pro se complaint that the federal basis for his claims is that "Federal Regulations" govern the acceptable levels of toxic emissions, and he further alleges that the individual Defendants "disregarded the warnings of the Federal Regulations committee." (Docket No. 1).  Nonetheless, Plaintiff's claims of negligence and the infliction of emotional distress sound in state law, and his right to relief does not necessarily depend on resolution of a substantial question of federal law.  See Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689-690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006).  Further, there is no dispute that all parties are citizens of New York state, therefore there is no alternative ground for federal jurisdiction here.  See 28 U.S.C. §§ 1331; 1332 (a).

     Accordingly, although Defendants have not raised this issue, dismissal of the action, sua sponte, for lack of subject matter jurisdiction is appropriate.  See Fed. R. Civ. P. 12 (h)(3) (if at any time a court determines that it lacks subject matter jurisdiction, "the court must dismiss the action"); Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163

L.Ed.2d 1097 (2006)(courts have an independent obligation to determine if subject matter jurisdiction exists).  This Court is cognizant of the fact that dismissal of a complaint without affording the plaintiff an opportunity to be heard in opposition is generally considered bad practice "[u]nless it is unmistakably clear that the court lacks jurisdiction." Snider v Melindez, 199 F.3d 108, 113 (2d Cir. 1999); see Digitel, Inc. v. MCI Worldcom, Inc., 239 F.3d 187, 190 n 2 (2d Cir. 2001).  As concluded above, and in Jones v. Tonawanda Coke Corp., 11-CV-268, Docket No. 24, if more specific allegations of federal statute or regulatory violations had been alleged in connection with Plaintiff's state law claims related to toxic exposure, these would still be insufficient to create a substantial question of federal law. See Caggiano, 384 F.Supp.2d at 691; Abbott v Tonawanda Coke Corp., 11-CV-549, Docket No. 34; DeLuca, 10-CV-859S, 2011 WL 3799985, *6.  Thus, this is not simply a question of an inadequate or inartful pleading, as even a liberal reading of the pro se complaint cannot support the conclusion that Plaintiff has a claim over which this Court would have subject matter jurisdiction.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  It is therefore unmistakably clear that this Court lacks subject matter jurisdiction over this action, and that the Complaint must be dismissed in its entirety.  As such, Defendants' Motions to Dismiss are moot.

## ORDERS

IT IS HEREBY ORDERED that Plaintiff's request for the assignment of counsel (Docket No. 22) is DENIED;

FURTHER, that this case is DISMISSED for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (h)(3);

FURTHER, that the Motion to Dismiss of Defendants James Donald Crane and

Mark Kamholz (Docket No. 8) is DENIED as moot;

FURTHER, that Defendant Tonawanda Coke Corporation's Motion to Dismiss (Docket No. 9) is DENIED as moot;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: January 7, 2012
      Buffalo, New York

                                      /s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                         Chief Judge
                                  United States District Judge